AWERKAMP, BONILLA & GILES, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Ivelisse Bonilla, (SBN 023594)
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Mathey,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Soch Management, LLC, dba La Quinta Hotel,<br><br>                    Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

For his Complaint, Plaintiff, Roger Mathey, alleges as follows:

**<u>NATURE OF THE CASE</u>**

1.      Plaintiff seeks damages arising from employment discrimination on the basis of disability, or alternatively, on the basis of perceived disability.  Defendant, Soch Management, LLC dba La Quinta Hotel ("Soch"), terminated Mr. Mathey's employment because of his disability, or because management perceived him to have a disability, in violation of the American with Disabilities Act, (ADA), 42 U.S.C. §§ 12101-12213.

2.      Plaintiff also seeks damages for wrongful termination in violation of public policy under the Arizona Employment Protection Act, A.R.S. § 23-1501(3)(c)(iii), because

Soch terminated his employment for exercising his right to file a worker's compensation claim.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because of the Federal questions presented by virtue of the fact that Plaintiff is bringing a claim for discrimination on the basis of disability pursuant to the ADA, 42 U.S.C. §§ 12101-12213, as amended.

4.      This Court has supplemental jurisdiction over Plaintiff's related claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events giving rise to Mr. Mathey's claims occurred in Pima County, Arizona.

6.      Plaintiff dual-filed a timely Charge of Discrimination with the Arizona Civil Rights Division ("ACRD") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis disability and retaliation.

7.      The EEOC issued a Notice of Right to Sue on February 23, 2023.

## PARTIES

8.      Plaintiff Roger Mathey is, and at all relevant times has been, a resident of Pima County, Arizona.

9.      Defendant is an "employer" within the meaning of the ADA and employed Mr. Mathey in Pima County, Arizona.

## STATEMENT OF FACTS

10.     Mr. Mathey was first hired by Wyndham as the Assistant General Manager for the La Quinta Hotel on or about October 5, 2020.  About a year later, the La Quinta Hotel was sold to Soch and Mr. Mathey became the Manager.

11.     Mr. Mathey was well-qualified and performed his job well.

12.     In December of 2021, it became difficult to hire new hires for the La Quinta Hotel and Mr. Mathey performed the duties of both the Manager and the Assistant Manager and filled in for other positions when necessary because the Hotel was short-staffed.

13.     In the Spring of 2022, many employee's became frustrated with Soch's failure to address their concerns and Soch's requirement of more work for the same pay. Several employees quit and others threatened to quit.  In this timeframe, Soch also failed to address maintenance issues at the Hotel.  As a result, Mr. Mathey was working under severe stress and anxiety.

14.     On April 6, 2022, Mr. Mathey, while filling in at the front desk of the Hotel, had a back spasm and fell to the ground.

15.     Mr. Mathey filed a workplace injury report and asked the afternoon front-desk person to come in early.

16.     Knowing that there was no one to cover the front desk of the Hotel, Mr. Mathey went in the next morning on April 7, 2022.

17.     On April 7, 2022, Mr. Mathey suffered a blackout while working at the front desk of the Hotel and regained consciousness thirty-six hours later in the hospital.  Mr. Mathey was told he had suffered a major brain injury.

18.     Mr. Mathey had significant challenges in trying to get medical care and in working through worker's compensation issues.

19.     In May of 2022, Soch canceled Mr. Mathey's medical insurance because he was not able to work more than thirty hours per week.

20.     On May 26, 2022, Mr. Mathey told Andy Chhikara, the Chief Executive Officer of Soch, and Angelica Chhikara, the Director of Operations, that he had an appointment with his doctor the following week to be cleared to return to work.

21.     The response was an email the next day from Ms. Chhikara, on May 27, 2022, terminating Mr. Mathey's employment, for alleged performance issues and policy violations.

22.     Defendant's proffered reasons of performance issues and policy violations are merely a pretext for the fact that Defendant terminated Mr. Mathey because of his disability, or because Soch perceived that Mr. Mathey had a disability, and for exercising his right to file a workers' compensation claim.

23.     Mr. Mathey has suffered damages because of Defendant's unlawful and discriminatory actions.

## CAUSE OF ACTION

### (Discrimination in Violation of the ADA)

24.     Mr. Mathey is a qualified individual with a disability within the meaning of the ADA.

25.     Mr. Mathey was able to perform the essential functions of his position with or without accommodations.

26.     Defendant terminated Mr. Mathey's employment because of his disability, or because Soch perceived Mr. Mathey to have a disability.

27.     Mr. Mathey has a cause of action against Defendant for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101-12117.

28.     As a result of the discriminatory termination and retaliation by Defendant, Mr. Mathey suffered loss of wages and is entitled to his back pay losses in an amount to be determined at trial pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C.A. § 2000e-5(g)(1).

29.     As a result of the discriminatory termination and retaliation by Defendant, Mr. Mathey has suffered emotional distress and is entitled to compensatory damages for emotional distress under 42 U.S.C.A. § 1981a(a)(2).

30.     Because Defendant engaged in unlawful intentional discrimination, Mr. Mathey is also entitled to punitive damages against Defendant pursuant to 42 U.S.C. § 1981a(a)(2).

31.     Mr. Mathey is also entitled to her attorneys' fees pursuant to 42 U.S.C. § 12205.

### SECOND CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

1.     Defendant terminated Mr. Mathey's employment because he exercised his right to file a workers' compensation claim.

2.     Defendant's termination of Mr. Mathey constitutes wrongful termination in violation of public policy pursuant to A.R.S. § 23-1501(3)(c)(iii).

3.     Because Defendant wrongfully terminated his employment, Mr. Mathey has suffered lost wages and emotional distress damages and will continue to do so in the future.

4.     Defendant's actions were willful, malicious and the product of an evil hand guided by an evil mind.

5.     Defendant specifically intended to cause the harm Mr. Mathey's termination caused, and thus, Defendant's conduct warrants the imposition of punitive damages sufficient to punish Defendant and deter other employers from engaging in such conduct.

### REQUEST FOR JURY

6.     Plaintiff requests a trial by jury to the fullest extent permitted by law.

### RELIEF SOUGHT

WHEREFORE, Plaintiff requests judgment against Defendant awarding him the following:

(a)     Compensatory damages for damage to professional reputation, lost income, and emotional distress;

(b)     Punitive damages against Defendant;

1        (c)     Attorneys' fees and costs incurred in this lawsuit; and

2        (d)     Any other equitable relief this Court deems appropriate and just.

3    RESPECTFULLY SUBMITTED on May 16, 2023.

4                    AWERKAMP & BONILLA, PLC

5                 By /s/   Shannon Giles

6                  Ivelisse Bonilla
                    Shannon Giles

7                 *Attorneys for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26